UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARSHALL ALLEN COATS,

Plaintiff,

v.

MADELEINE WILLIAMSON, et al.,

Defendant.

CASE NO. 2:26-CV-3142-TL-DWC

REPORT AND RECOMMENDATION

Noting Date: October 27, 2026

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Marshall Allen Coats, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff's claims are untimely, and he has failed to state a claim upon which relief can be granted. Therefore, the Court recommends that the case be dismissed for failure to state a claim and deny Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP").

**I. Background**

Plaintiff, who is incarcerated at the Airway Heights Corrections Center, alleges his rights were violated by Defendants Madeleine Williamson, a gay porn star and street performer, Nick

Hoke, a police officer in Poulsbo, Washington, and Tina Robinson, a Kitsap County Superior Court Judge. Dkt. 5 at 3.

**II. Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is, therefore, to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must instead allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

A. Statute of Limitations

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash. 2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash. App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*

*pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Here, Plaintiff filed this lawsuit on August 17, 2026. Dkt. 1. Therefore, any claim arising prior to August 17, 2023, is barred by the statute of limitations. In the Proposed Complaint, Plaintiff alleges the conduct giving rise to the claims in this case span between 1998 and 2023. Dkt. 5 at 4-17. From the allegations contained in the Proposed Complaint, Plaintiff had actual notice of the underlying facts in this case more than three years prior to filing this lawsuit. *See id.*; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). As such, most, if not all, of Plaintiff's claims are untimely.[1] Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 5.

Therefore, the Court finds this case should be dismissed as untimely. In addition to Plaintiff's claims being untimely, Plaintiff has also failed to state claims upon which relief can be granted.

B. <u>Improper Defendants</u>

*i. Non-State Actor*

"Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F. Supp. 989, 997 (N.D. Cal. 1994); *see O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in

[1] The entirety of Plaintiff's allegations against Defendant Hoke occurred between 1998-2001. Dkt. 5 at 14-15. Most of the allegations against Defendants Williamson and Robinson occurred before 2023, but it is unclear what allegations, if any, occurred after August 17, 2023. *See Id.* As explained below, however, Plaintiff still fails to state a claim upon which relief can be granted because neither Defendant Williamson nor Defendant Robinson is a proper defendant in a § 1983 action.

"exceptional cases" will a private entity be treated as a state actor for constitutional purposes), *cert. denied*, 144 S. Ct. 2715, 219 L. Ed. 2d 1318 (2024).

Here, to the extent that Plaintiff's claims against Defendant Williamson are not barred by the statute of limitations, they fail because Defendant Williamson is a private individual. Plaintiff has failed to sufficiently allege facts to treat Defendant Williamson as a state actor.

Therefore, Plaintiff has failed to state a claim upon which relief can be granted as it pertains to Defendant Williamson.

*ii. Judicial Immunity*

Plaintiff raises claims against Defendant Robinson made in the official capacity as a Kitsap County Superior Court Judge. Dkt. 5 at 4-5.[2]

"Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted). "Allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Id.*

Again, to the extent that Plaintiff's claims against Defendant Robinson are not barred by the statute of limitations, they fail because Defendant Robinson has absolute judicial immunity from the claims raised in this lawsuit related to judicial actions. *See Olson v. Idaho State Board*

[2] Plaintiff raises allegations against Defendant Robinson in her capacity as Plaintiff's defense attorney in 2014 and as a prosecutor in 2015. Dkt. 1 at 16-17. These claims are barred by the statute of limitations. Plaintiff's remaining allegations relate to Defendant Robinson acting as the presiding judge in an unrelated criminal case. *Id.* at 17.

*of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction).

Therefore, the Proposed Complaint fails to state a cognizable claim against Defendant Robinson related to judicial actions made in the official capacity as a Kitsap County Superior Court Judge.

**III. Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, Plaintiff has been given notice of the deficiencies of his claims in the other actions where he has made similar allegations. *Coats v. Washington State Dep't of Corrections*, 2:26-cv-02090-RSL-MLP (W.D. Wash. 2026); *Coats v. Hoke*, 3:26-cv-05867-DGE-MLP (W.D. Wash. 2026); *Coats v. Hoke*, 3:26-cv-05875-JHC-SKV (W.D. Wash. 2026); *Coats v. Kalm*, 3:26-cv-05918-RSL-DWC (W.D. Wash. 2026); *Coats v. Robinson*, 3:26-cv-05919-LK (W.D. Wash. 2026). And any attempt by Plaintiff to amend the Proposed Complaint would be futile because allegations against these defendants would not cure the deficiencies. As such, the Court finds Plaintiff should not be afforded additional leave to amend the claims alleged in the Proposed Complaint.

**IV. Conclusion**

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted and leave to amend would be futile. Therefore, the Court recommends this case be dismissed and the dismissal count as a "strike" under 28 U.S.C. §1915(g). The Court also recommends Plaintiff's Application to Proceed IFP (Dkt. 5) be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 27, 2026**.

Dated this 6th day of October, 2026.



David W. Christel
United States Magistrate Judge